___

**SO ORDERED,**



*Judge Jason D. Woodard*

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| MARGARETT LUCILLE VASSER, | ) | Case No.: | 22-11533-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 13 |

| | | | |
|---|---|---|---|
| MARGARETT LUCILLE VASSER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | A.P. No.: | 22-01013-JDW |
| | ) | | |
| THOMAS AUTOBODY & REPAIRS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court for trial on the *Complaint* filed by the plaintiff-debtor Margarett Lucille Vasser against Thomas Autobody & Repairs.[1] The issue is whether a 2015 GMC Yukon owned by the debtor and repossessed by Thomas before the bankruptcy case was filed must be turned over to the debtor. The Court admitted documents into evidence, heard testimony from witnesses, and arguments from counsel. The Court finds and concludes that the debtor has satisfied each turnover element under 11 U.S.C. § 542(a), and therefore the vehicle must be returned. Judgment will be entered in favor of the plaintiff-debtor.

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A) and (E). The parties agree that this Court has jurisdiction to enter a final judgment.[2]

---

[1] (A.P. Dkt. # 1). Citations to (A.P. Dkt. # --) refer to docket entries in the adversary proceeding (A.P. No. 22-01013). Citations to (Dkt. # --) refer to docket entries in the bankruptcy case (Case No. 22-11533).
[2] (A.P. Dkt. # 16, p. 2).

## II. FINDINGS OF FACT[3]

In April of 2021, the debtor purchased the vehicle from Thomas for $31,000.00. The debtor made a $16,000.00 down payment and Thomas financed the balance in-house. Under the terms of the loan agreement, the debtor was to make monthly payments of $600.00. The debtor's monthly payments were sporadic, and she was in default at the time of repossession. The parties agree that the debtor owes a balance of $17,600.00.

Thomas repossessed the vehicle in June of 2022. The bankruptcy petition was filed on July 1, 2022.[4] The debtor made demand for the return of the vehicle, which Thomas refused. The debtor then filed this adversary proceeding seeking turnover of the vehicle under 11 U.S.C. § 542(a). Thomas has since retained possession of the vehicle and has taken no action to sell it. Title remains in the debtor's name.

At trial, Thomas's owner, Mr. Richard Thomas, testified that the vehicle now has a value of over $30,000.00. The vehicle was valued at $26,900.00 by the debtor in her schedules and at $26,000.00 in Thomas's proof of claim.[5] Accepting any of these figures, there is substantial equity in the vehicle.

---

[3] To the extent any findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[4] (Dkt. # 1).
[5] (Ex. 6, p. 2); (Ex. 5, p. 2).

3

While the debtor's chapter 13 plan has not yet been confirmed, her attorney represented at trial that the plan will be amended to provide for payment in full, with interest at the *Till* rate, over the life of the plan.

### III.   CONCLUSIONS OF LAW

The sole claim in this adversary proceeding is for turnover under section 542(a) of the Bankruptcy Code.[6]  To succeed, the debtor must prove by a preponderance of the evidence that:

> (1) the property is in the possession, custody, or control, of a noncustodial third party; (2) the property constitutes property of the estate; (3) the property is of the type that the trustee could use, sell or lease pursuant to section 363 or that the debtor could exempt under section 522[;] and (4) that the property is not of inconsequential value or benefit to the estate.[7]

#### A.   The vehicle is in Thomas's possession.

The first element the debtor must prove is that the property is in the possession, custody, or control of a noncustodial party.[8]  Mr. Thomas testified at trial that the vehicle is still located and secured at his place of business.  The first element is met.

---

[6] "Bankruptcy Code" refers to 11 U.S.C. §§ 101-1532.
[7] *Virgil v. Lone Star Engine (In re Virgil)*, Case No. 17-01351-NPO, Adv. No. 17-00028-NPO, A.P. Dkt. # 11 at 8-9 (Bankr. S.D. Miss. June 15, 2017) (quoting 5 *Collier on Bankruptcy* ¶ 542.03 (16th ed. 2016)); *see also West v. Peterson (In re Noram Res., Inc.)*, 2015 WL 2265405, at *6 (Bankr. S.D. Tex. May 11, 2015) ("A trustee may also bring an action to turnover estate property provided they satisfy the following elements: '1) during the case; 2) an entity other than a custodian; 3) was in possession, custody, or control; 4) of property that the trustee could use, sell, or lease; 5) that such property is not of inconsequential value or benefit to the estate.'" (quoting *Dionne v. Colvin (In re Moore)*, 312 B.R. 902, 909 (Bankr. N.D. Ala. 2004))).
[8] *Virgil*, A.P. Dkt. # 11 at 8-9.

### B. The vehicle is property of the estate.

The debtor must next show that the vehicle is property of the bankruptcy estate.[9] Property of the estate includes "all legal or equitable interests of the debtor as of the commencement of the case."[10] "Whether or not a debtor has a legal or equitable interest in property of the kind sufficient to bring property into the bankruptcy estate is a matter determined by state law."[11] In Mississippi, "a debtor possesses the right of redemption up until the time the property is sold (or contracted to be sold) by the creditor to a third party, or until the property is accepted in partial or full satisfaction of the underlying debt."[12]

Title to the vehicle is in the debtor's name. Although Thomas repossessed the vehicle before the bankruptcy was filed, he did not sell it or accept it in satisfaction of the debt. As of the commencement of the case, the debtor retained title and her interests are sufficient to render the vehicle property of the debtor's bankruptcy estate.

---

[9] *Id.*
[10] 11 U.S.C. § 541(a)(1); *see also United States v. Whiting Pools*, 462 U.S. 198, 207 (1983) ("In effect, § 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings.")
[11] *In re Bhakta*, No. 13-10407-JDW, 2013 WL 8597008, at *3 (Bankr. N.D. Miss. Aug. 23, 2013) (citing *Mitchell v. BankIllinois*, 316 B.R. 891, 896 (Bankr. S.D. Tex. 2004)).
[12] *Bhakta*, at *4; *see also* Miss. Code Ann. § 75-9-623.

### C. The vehicle is property that the debtor could use or exempt.

The third element is whether the vehicle is property that the debtor could use, sell, or lease under section 363 of the Bankruptcy Code or exempt under applicable law.[13] In fact, the debtor has claimed an exemption in the vehicle in Schedule C filed with her bankruptcy petition.[14] Further, as discussed more fully below, the estate can use this vehicle to ensure that the debtor is able to get to work so that she can fund the bankruptcy plan.

### D. The vehicle is not of inconsequential value or benefit to the estate.

Finally, the debtor must show that the vehicle is not of inconsequential value or benefit to the estate.[15] The vehicle is worth over $26,000.00, and the debtor has substantial equity in the vehicle. Further, when assessing the value and benefit of property to the estate, even "property of little value but of great benefit to the estate should be turned over."[16]

The debtor credibly testified as to her family situation and the benefit her family derives from the vehicle. The debtor lives with her husband, who is

---

[13] *Virgil*, A.P. Dkt. # 11 at 8-9. *See In re Fernandes*, 605 B.R. 733, 735 (Bankr. N.D. Miss. 2019) ("In accordance with 11 U.S.C. 522(b), the State of Mississippi has opted out of the federal exemptions and Mississippi debtors may claim exemptions only under Mississippi state law." (citing Miss. Code Ann. § 85-3-2)).
[14] (Dkt. # 1, p. 17).
[15] *Virgil*, A.P. Dkt. # 11 at 8-9.
[16] *Total Pride Landscaping, Inc. v. Continental Paving, Inc. (In re Total Pride Landscaping, Inc.)*, 2010 Bankr. LEXIS 1392, *13 (Bankr. D.N.H. March 15, 2010) (quoting 5 *Collier on Bankruptcy* ¶ 542.02[2] (15th ed. 2009)).

disabled and must routinely be taken to medical appointments. The debtor's daughter and grandchildren also live with her. In addition to this vehicle, the debtor also owns a Dodge Charger, which she drives to work. While the family has not had the use of the vehicle held by Thomas, the debtor has been forced to miss work to drive her husband to his medical appointments in the Charger. She does not get paid when she does not work, imperiling the bankruptcy plan (and her retention of the Charger). The debtor credibly testified that when the family has the use of both vehicles, she drives the Charger to work while her daughter drives the debtor's husband to his medical appointments in the other vehicle. This also allows the daughter to perform other household tasks while the debtor is at work, such as going to the grocery store and the pharmacy, and transporting the children. All of these tasks are necessary for a successful chapter 13 reorganization and therefore have value and benefit to the estate.[17] It also allows the debtor to drive the Charger to work so she can fund the bankruptcy plan.

---

[17] *See Milledge v. Carolina Acceptance (In re Milledge)*, 639 B.R. 334, 345 (Bankr. D.S.C. 2022) ("Transportation to and from employment and for household tasks, such [as] transporting children to school or day care and purchasing groceries, is a critical need for a successful Chapter 13 reorganization." (citing *Gen. Motors Acceptance Corp. v. Radden (In re Radden)*, 35 B.R. 821, 823 (Bankr. E.D. Va. 1983)).

## IV. CONCLUSION

The debtor has proven the turnover elements by a preponderance of the evidence. Thomas has raised various arguments, which are effectively affirmative defenses, opposing the turnover. These include a lack of adequate protection and the debtor's prior bankruptcy filings. Some of Thomas's arguments may be more persuasive at plan confirmation or in a motion for relief from the automatic stay, but the sole issue before the Court today is turnover.

There was insufficient evidence to overcome the debtor's proof of the turnover elements. For instance, Thomas asserts a lack of adequate protection, but it is clear that the vehicle is currently insured and that there is a substantial equity cushion to protect Thomas. Further, the debtor intends to pay the claim in full, with interest, over the life of the plan, and at the time of the trial she was current on her payments to the trustee. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that Thomas Autobody & Repairs shall return the vehicle to the debtor within three days of entry of this Memorandum Opinion and Order. It is further,

**ORDERED** that the debtor shall file, within seven days, an amended chapter 13 plan providing for payment in full of Thomas's claim, with interest at the *Till* rate, over the life of the bankruptcy plan.

A separate final judgment will be entered pursuant to Rule of Bankruptcy Procedure 7058.

##END OF OPINION##